
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 930 | DATE | 7/15/2003 |
| CASE TITLE | Budget Rent A Car vs. Crescent Ace | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Defendants' motion to dismiss is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 16 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 11 |
| | Copy to judge/magistrate judge. | | | |
| TH✓ | courtroom deputy's initials | 03 JUL 15 PM 3:14 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| BUDGET RENT A CAR CORPORATION, and RYDER TRS, INC., | ) ) ) ) | | |
| Plaintiffs, | ) ) | No. 03 C 00930 | **DOCKETED** JUL 1 6 2003 |
| v. | ) ) | | |
| CRESCENT ACE HARDWARE, and CARL SPRINGEL d/b/a CRESCENT ACE HARDWARE, | ) ) ) ) ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, Judge:

On November 25, 2002, Carl Springel, doing business as Crescent Ace Hardware (collectively, "Defendants")[1] terminated a dealer relationship with Budget Rent a Car Corporation ("Budget"), which had acquired Ryder TRS, Inc. (collectively, "Plaintiffs"). Plaintiffs assert that Defendants violated a non-compete agreement by subsequently becoming dealers for one of Plaintiff's primary competitors. Plaintiffs filed this action against Defendants for breach of contract and seek an injunction and monetary relief in excess of $75,000. Defendants deny entering into a contract with Plaintiffs and move to dismiss for lack of personal jurisdiction and improper venue. For the reasons stated herein, the Court denies Defendants' motion.

---

[1] Under their "parties" section of their complaint, Plaintiffs allege that American Truck Rental ("American") is a Defendant in this action. (R. 1-1, Am. Compl. ¶ 2.) Plaintiffs, however, make no specific allegations with respect to American, have not served American, and do not include American in the caption of their complaint. Therefore, the Court finds that Springel, doing business as Crescent Ace Hardware ("Crescent"), and Crescent are the only Defendants named in this action.

//

## BACKGROUND

Budget is a Delaware corporation, having its principal place of business in Illinois. (R. 1-1, Am. Compl. ¶ 1.) Ryder TRS, Inc. ("Ryder") is also a Delaware corporation, having its principal place of business in Colorado. (*Id.*) Defendant Crescent is a New York corporation with its principal place of business in New York. (*Id.* at ¶ 2.) Defendant Carl Springel, a New York citizen, owns and operates Crescent. (*Id.*)

Plaintiffs allege they entered a franchise agreement with Defendants.[2] (*Id.* at ¶¶ 4-5.) According to the agreement, Defendants would operate as a dealer on behalf of the Plaintiffs in exchange for a trademark license, advertising, supplies, equipment, commissions, rental inventory, reimbursement of rental equipment maintenance costs, telephone support, and customer information. (*Id.* at ¶¶ 6-7.) The alleged agreement required Defendants to provide thirty days notice prior to terminating the agreement, and required that Defendants agree not to operate a non-Budget truck rental business at the dealer location or within a five-mile radius of the location for one year following termination. (*Id.* at ¶ 8.) The alleged agreement also provided that it would "be construed and governed by the laws of the State of Illinois" and that Defendants would "submit to the exclusive jurisdiction of the federal and state courts located in, or whose jurisdiction includes, DuPage County, Illinois." (*Id.* at ¶ 4.)

---

[2] Defendants dispute that a binding contract exists between the parties. Instead, Defendants assert that they did not accept Plaintiffs' offer, and mailed a counteroffer to the Plaintiffs in Illinois, which Plaintiffs allegedly never accepted. (R. 6-1, Defs.' Mem., Springel Aff. ¶¶ 6, 8.) Defendants also later faxed, upon Plaintiffs' request, the counteroffer's signature page, to the Plaintiffs in Colorado. (*Id.* at ¶ 7.) Defendants contend that these facts controvert Plaintiffs' allegations. (R. 10-1, Defs.' Reply at 2-6.) Plaintiffs, however, have proffered an alternative explanation of the Defendants' evidence that is consistent with their allegations, and contend that the parties consistently acted pursuant to the agreement. (R. 9-1, Pls.' Mem. at n.3, 4.) Because the Court resolves factual conflicts in the Plaintiffs' favor, the Court will assume for purposes of this motion that a valid contract exists between the parties. *See Saylor v. Dyniewiski*, 836 F.2d 341, 342 (7th Cir. 1988); *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987); *Allman v. McGann*, No. 02 C 7442, 2003 WL 1811531 at *2 (N.D. Ill. Apr. 4, 2003). As will be discussed later, however, this Court may properly assert personal jurisdiction over the Defendants even in the absence of the alleged agreement.

In November 2002, Defendants notified Plaintiffs that they were terminating their relationship with them.[3] (R. 1-1, Am. Compl. ¶ 9; R. 6-1, Defs.' Mem., Springel Aff. ¶ 12.) Up until then, Defendants rented trucks from the Plaintiffs, submitted all receipts to, and received commission checks from the Plaintiffs in Colorado. (R. 6-1, Defs.' Mem., Springel Aff. ¶ 11.) Defendants also used Plaintiffs' customer reservations and operations computer system, which Plaintiffs operated out of Illinois. (R. 9-1, Pls.' Mem., Martinelli Aff. ¶ 9.) During this time, Peter Martinelli, Plaintiffs' Vice President and Managing Director for Local Markets, who works out of Plaintiffs' Illinois facility, directly supervised the Defendants. (*Id.* at ¶¶ 1-3.) Defendants sent monthly reports to Martinelli in Illinois, which Plaintiffs then used to develop Dealer Goal Setting, Dealer Planning, and Dealer Incentive Plans for the Defendants in Illinois. (*Id.* at ¶¶ 5-6.)

Following termination, Plaintiffs assert that Defendants violated the non-compete provision of the agreement by acting as dealers for one of Plaintiffs' competitors in the same location where Defendants previously had operated the Budget dealership. (R. 1-1, Am. Compl. ¶¶ 10-11.) Plaintiffs subsequently filed suit. (*Id.* at ¶¶ 16-17.) Subject matter jurisdiction is proper pursuant to Section 1332(a)(1) of the United States Code. 28 U.S.C. § 1332(a)(1).

## ANALYSIS

### I.  Defendants' Motion to Dismiss for Lack of Personal Jurisdiction

#### A.  12(b)(2) Standards

A Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction tests whether a federal court has personal jurisdiction over a defendant. *See* Fed. R. Civ. P. 12(b)(2). A

---

[3] Significantly, Defendants do not dispute the existence of, or termination of a relationship with the Plaintiffs, despite their assertion that a valid agreement did not exist between the parties.

3

plaintiff bears the burden of demonstrating the existence of personal jurisdiction over a defendant. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). A plaintiff need only make a prima facie showing that jurisdiction over a defendant is proper. *Michael J. Neuman & Assoc., Ltd. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724-25 (7th Cir. 1994). In determining whether a plaintiff has met this burden, a court may consider affidavits from both parties. *Turnock*, 816 F.2d at 333. A court must also resolve all factual disputes in the plaintiffs' favor and accept as true all uncontroverted allegations made by both plaintiffs and defendants. *Saylor*, 836 F.2d at 342; *Turnock*, 816 F.2d at 333; *Allman*, 2003 WL 1811531 at * 2.

A federal court's exercise of personal jurisdiction over a non-resident defendant is proper "only if a court of the state in which it sits would have such jurisdiction." *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995) (quoting *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1243 (7th Cir. 1990)). Thus, this Court has jurisdiction "only if a[n] Illinois State Court] would have such jurisdiction." *Id.* Any exercise of jurisdiction over a defendant must comport with state statutory law, state constitutional law, and federal constitutional law. *RAR, Inc.*, 107 F.3d at 1276. Because the Illinois long-arm statute authorizes the exercise of personal jurisdiction to the extent allowed under federal due process,[4] "the three inquiries . . . collapse into two constitutional inquiries – one state and one federal." *Id.* But because the Seventh Circuit has found that "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction," one due process inquiry suffices. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002) (citing *RAR, Inc.*, 107 F.3d at 1276; *Klump*,

---

[4] The Illinois long-arm statute provides in relevant part: "A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c).

71 F.3d at 1371 n. 4). *See also Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997).

### B. Personal Jurisdiction Under Federal Constitutional Law

Personal jurisdiction pursuant to the Due Process Clause of the Fourteenth Amendment requires that a defendant have "minimum contacts" with the forum state such that the exercise of personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945); *RAR, Inc.*, 107 F.3d at 1277; *Allman*, 2003 WL 1811531 at *3. The minimum contacts analysis varies depending on whether the case involves specific or general jurisdiction. Because this case involves specific jurisdiction,[5] the Court will address that standard.

Specific jurisdiction arises when the underlying suit relates to the defendant's contacts with the forum state. *RAR, Inc.*, 107 F.3d at 1277. In determining whether specific jurisdiction exists, courts must decide whether a defendant has "purposefully established minimum contacts within the forum State," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985), and "consider whether, by traditional standards, those contacts make personal jurisdiction reasonable and fair under the circumstances." *RAR, Inc.*, 107 F.3d at 1277. That the defendant has "purposefully availed[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," *Burger King Corp.*, 471 U.S. at 475 (quotations omitted), such that the

---

[5] A defendant is subject to general jurisdiction in Illinois only when it is either domiciled in Illinois, *see Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F.Supp.2d 824, 833 (N.D. Ill. 2000), or "where the defendant has 'continuous and systematic general business contacts with the forum.'" *RAR, Inc.*, 107 F.3d at 1277 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)) (internal quotations omitted). Although Plaintiffs do not specify whether they seek general or specific jurisdiction, Plaintiffs do not present an argument supporting general jurisdiction nor do the facts of this case suggest that general jurisdiction over Defendants is available.

defendant should "reasonably anticipate being haled into court there" is crucial to this determination. *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 297 (1980).

In breach of contract actions, a court may only consider the dealings between the parties with respect to the alleged contract in completing the minimum contacts analysis. *RAR, Inc.*, 107 F.3d at 1278. That is, an out-of-state defendant's contract with an Illinois plaintiff is insufficient alone to establish the requisite minimum contacts. *See Burger King*, 471 U.S. at 478. "Rather, 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' must indicate the purposeful availment that makes litigating in the forum state *foreseeable* to the defendant. *RAR, Inc.*, 107 F.3d at 1277 (quoting *Burger King*, 471 U.S. at 479) (emphasis added).

As an initial matter, the Court does not have to conduct a minimum contacts analysis. Consent to suit in a particular forum is an independent ground for the exercise of personal jurisdiction, separate and distinct from any personal jurisdiction based on a minimum contacts analysis. *See Burger King*, 471 U.S. at 473 n.14. Assuming the existence of a contract between the parties, Defendants explicitly agreed that Illinois law would govern their relationship with the Plaintiffs: "This Agreement shall be construed and governed by the laws of the State of Illinois . . . ." (R. 9-1, Defs.' Mem., Ex. 1 to Ex. A ¶13.) Additionally, Defendants specifically consented to the jurisdiction of this judicial district: "Dealer agrees to submit to the exclusive jurisdiction of the federal and state courts located in, or whose jurisdiction includes, DuPage County, Illinois." (*Id.*) The Seventh Circuit has repeatedly held that forum selection clauses are binding on the parties. *E.g. Omron Healthcare Inc. v. Maclaren Exp. Ltd.*, 28 F.3d 600 (7th Cir. 1994);

*Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 398 (7th Cir. 1990). Parties may consent in advance to submit their controversies to a particular forum. *Heller Fin., Inc. v. Midwhey Powder Co. Inc.*, 883 F.2d 1286, 1290 (7th Cir. 1989).

Moreover, even if the parties were not operating pursuant to a valid agreement, this Court still finds that personal jurisdiction exists over Defendants.[6] Although Defendants allege never having "any offices, representatives, or employees located in Illinois nor hav[ing ever] visited Illinois for the purposes of promoting the truck rental business," their physical absence from the forum state is not determinative of jurisdiction. *See Heritage House Rest., Inc. v. Cont'l Funding Group, Inc.*, 906 F.2d 276, 283 (7th Cir. 1990). Additionally, though Plaintiffs may have solicited the Defendants in New York to operate as a dealer for the Plaintiffs in New York, Plaintiffs and Defendants conducted negotiations in both Illinois and New York via fax, email, and mail. (R. 6-1, Defs.' Mem., Springel Aff.) Defendants also mailed their alleged counteroffer as well as their termination letter to the Plaintiffs in Illinois. (R. 1-1, Am. Compl. ¶ 9; R. 6-1, Defs.' Mem., Springel Aff. ¶¶ 5, 12.) A relationship "naturally based on telephone and mail contacts rather than physical presence . . . should not [allow defendants to] avoid jurisdiction based on that distinction." *Heritage House Rest., Inc.*, 906 F.2d at 283.

Significantly, Defendants assert that they operated as a dealer for the Plaintiffs up until Defendants terminated their relationship with the Plaintiffs. *See Fel-Pro, Inc. v. AutoCorp, Inc.*, No. 92 C 6954, 1993 WL 413972 at *3-4 (N.D. Ill. Oct. 15, 1993). As

---

[6] The record indicates that Springel is an owner as well as an officer of Crescent Ace Hardware. Accordingly, Springel cannot use the fiduciary shield doctrine to protect himself from this Court's jurisdiction; "the shield is withdrawn if the agent was acting also (or instead) on his own behalf to serve his personal interests." *Plymouth Tube v. O'Donnell*, No. 95 C 0277, 1995 WL 387595 at *3 (N.D.Ill. Jun. 28, 1995) (citing Rice v. Nova Biomedical Corp., 38 F.3d 909, 912 (7th Cir. 1994)); *see also M.S. Distrib. Co. v. Web Records, Inc.*, No. 00 C 1436, 2000 WL 1898507 (N.D.Ill. Dec. 21, 2000) (denying individual defendant's motion to dismiss where defendant was an owner as well as an officer of Web Records, Inc.).

part of this relationship, Defendants sent monthly reports to the Plaintiffs in Illinois, which the Plaintiffs used to develop various materials for Defendants in Illinois. (R. 9-1, Pls.' Mem., Martinelli Aff. ¶¶ 5-6.) Defendants used Plaintiffs' computer system for "customer reservations and operations," which Plaintiffs operate out of Illinois. (*Id.* at ¶ 9.) Further, Plaintiffs' officer supervised Defendants from Illinois, which included reviewing the monthly reports Defendants sent to Plaintiffs in Illinois. (*Id.* at ¶¶ 1-3, 5.) Courts have often held that an ongoing relationship between the parties is especially significant in making a personal jurisdiction determination. *E.g. U.S. Gypsum*, 977 F.Supp. 1340 at 1343 (citing *Heritage House Rest., Inc. v. Cont'l Funding Group, Inc.*, 906 F.2d 276, 284 (7th Cir. 1990)); *H & V Silver Mine, Inc. v. Cohen*, No. 96 C 3550, 1997 WL 639229 at *3 (Oct. 6, 1997) (citing *Daniel v. Hartwig Assoc., Inc. v. Kanner*, 913 F.2d 1213, 1219 (7th Cir. 1990)); *Heller Fin., Inc. v. Summit Bank of Indianapolis*, No. 91 C 7576, 1992 U.S. Dist. LEXIS 10881 at *8 (N.D.Ill. Jul. 15, 1992). "If the relationship between the parties is such that the defendant should reasonably anticipate being haled into court in the forum state, then the minimum contacts requirement is satisfied." *Plymouth Tube Co. v. O'Donnell*, No. 95 C 0277, 1995 WL 387595 at *3 (N.D. Ill. Jun. 28, 1995) (citing *FMC Corp. v. Varonos*, 892 F.2d 1308, 1313 (7th Cir. 1990)). Because of their ongoing relationship with Plaintiffs, Defendants could reasonably anticipate suit in Illinois. *See id. See also Fel-Pro, Inc.*, 1993 WL 413972 at *3-4 (noting the significance of an ongoing relationship because such a relationship provides defendants with notice of potential liability in Illinois).

In addition, though Defendants dispute the existence of a final contract, Defendants assert submitting a revised contract as a counteroffer to the Plaintiffs.

Defendants kept the forum selection and choice of law provisions in their counteroffer. Thus, the Court can infer that Plaintiffs and Defendants were in agreement with respect to this provision. *See Soros Assoc., Inc. v. Trafalgar House Constr. India Ltd.*, No. 98 C 1807, 1998 WL 355435 at *4 (N.D.Ill. Jun. 26, 1998) (holding that agreed upon terms, in the absence of a final written contract, are relevant to the personal jurisdiction analysis). In sum, Defendants have sufficient "minimum contacts" with Illinois to warrant this Court's exercise of personal jurisdiction over them.

Furthermore, consideration of additional factors related to "fair play and substantial justice" supports the Court's conclusion that it may exercise personal jurisdiction over Defendants. First, Illinois has a strong interest in providing a forum for Illinois citizens alleging breach of non-compete agreements. *See Plymouth Tube Co.*, 1995 WL 387595 at *4. Second, Illinois courts maintain an interest in adjudicating a contractual dispute governed by Illinois law. *Id.* Accordingly, the Court denies Defendants' motion to dismiss for lack of personal jurisdiction.

## II. Defendant's Motion to Dismiss for Improper Venue

### A. 12(b)(3) Standards

A Rule 12(b)(3) motion to dismiss for improper venue tests the propriety of venue. *See* Fed. R. Civ. P. 12(b)(3). Plaintiffs bear the burden of demonstrating proper venue. *Fisher v. Phoenix Container, Inc.*, No. 99 C 4473, 1999 WL 753938 at *2 (N.D.Ill. Sep. 17, 1999) (citing *Emjayco v. Morgan Stanley & Co. Inc.*, 901 F.Supp. 1397, 1400 (C.D. Ill. 1995)). A court considering a motion to dismiss for improper venue must resolve any factual conflicts in the plaintiff's favor and accept as true all uncontroverted allegations. *Turnock*, 816 F.2d at 333.

In diversity actions, venue is proper in any judicial district where the defendant resides. 28 U.S.C. § 1391(a)(1). Section 1391(c) further provides that a corporate defendant "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Thus, where corporate defendants are concerned, the propriety of venue may depend on whether a court may first exercise personal jurisdiction over a defendant.

Assuming the existence of a contract between the parties, Defendants have consented to the venue of the Northern District of Illinois. Additionally, even in the absence of a binding contract, because the Defendants are subject to personal jurisdiction in the Northern District of Illinois, venue is appropriate here pursuant to Section 1391(c). 28 U.S.C. § 1391(c). Accordingly, the Court denies Defendants' motion to dismiss for improper venue.[7]

---

[7] In their reply brief, Defendants urge the Court to transfer this case to the Northern District of New York pursuant to Section 1404(a) of the United States Code. 28 U.S.C. § 1404(a). Arguments raised for the first time in a reply brief, however, are generally deemed waived. *See Montalvo v. Park Ridge Police Dept.*, 170 F.Supp.2d 800, 803 (N.D.Ill. 2001). Notwithstanding Defendants' waiver, Defendants have failed to show that the Northern District of New York is "clearly more convenient." *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

## CONCLUSION

For purposes of this motion, Defendants have consented to personal jurisdiction and venue in the Northern District of Illinois. Alternatively, this Court's exercise of personal jurisdiction over Defendants is proper because Defendants, through their relationship with Plaintiffs, have purposefully availed themselves of the privilege of conducting business in Illinois such that suit in Illinois is foreseeable. This Court is also a proper venue for this suit pursuant to 28 U.S.C. § 1391(c). Accordingly, the Court denies Defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3).

_____
AMY J. ST. EVE
U.S. District Court Judge

Dated: July 15, 2003